# EUGENE C. KAUFMAN

### v.

### ALFRED LINDELL.

*Negotiable Instruments—Note—Surety—Suit by Indorsee—Evidence.*

In an action by the indorsee of a note against the indorser thereof, the contention of the defendant being that an agreement to renew was not carried out, for the reason that a third person, instead of signing the same as surety, executed his individual note for that purpose, this court holds, that in view of the evidence the verdict for the defendant can not stand.

[Opinion filed March 24, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. BLANKE & CHYTRAUS, for appellant.

Messrs. CLIFFORD & SMITH, for appellee.

GARNETT, J. This is an action of assumpsit, brought by appellant against appellee as indorser of a promissory note, made by L. P. Nelson for $600, dated August 29, 1884, payable thirty days after date to the order of Alfred Lindell & Co., with eight per cent interest. The case was tried before the court and a jury, but no instructions were asked or given. There was a verdict and judgment for the defendant.

The facts are, that about January 1, 1884, Nelson was indebted to Alfred Lindell & Co., a firm then composed of Alfred Lindell and Fred Unkerfeld, in the sum of $600. To secure payment of the amount Nelson executed and delivered to them his note, payable to Alfred Lindell & Co., in ninety days after that date. The payees indorsed the note; it was taken by Unkerfeld to Haugan & Lindgren, bankers, in Chicago, for discount, but the paper was declined, as they did not consider it good security without another name. Unkerfeld then went to one Veeder and succeeded in persuading him to sign or indorse the note. Whether he signed as a maker, or wrote his name on the back of the note as an indorser, is not entirely clear from the evidence. The payees then indorsed and sold the note to Haugan & Lindgren. When it matured there was an agreement for a renewal, in pursuance of which Nelson executed the note sued on, and the defendant, under the name of Alfred Lindell & Co. (the firm having been previously dissolved by the withdrawal of Unkerfeld) indorsed it. The latter note was taken (by whom does not appear) to Haugan & Lindgren, and left with them, but they refused to accept it as a renewal of the first note without Veeder's signature. It was then arranged between Haugan & Lindgren and Veeder, that the latter should exe-- cute his own note and leave it as security for the new Nelson note, which was accordingly done. After the maturity of the new note of Nelson it was sold and delivered, together with Veeder's note, by Haugan & Lindgren to Kaufman. At the time of maturity of the new note Nelson was, and ever since has been insolvent, and a suit against him during that time would have been unavailing.

Lindell insists the agreement to renew was not carried out,

as Veeder did not sign the note sued on. But we think after a careful review of the evidence that Veeder's signature to the first note was obtained at the request of, and to accommodate the payees. When Veeder signed, Nelson had delivered the note to the payees, and had nothing more to do with it. Even assuming he signed the first note as maker, if it was done to accommodate the payees, he was simply their surety, and it was their duty to indemnify him against liability. And if he had joined in the execution of the second note, his relation to Lindell would not have been different; he would still have been a mere surety between himself and Lindell. No benefit, therefore, could have been derived by Lindell from Veeder's execution of the second note, and no harm has befallen him from his failure to sign.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*